DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Siouxsann E. Hill, nka Ross (Mrs. Ross), appeals from a judgment of the Lorain County Domestic Relations Court involuntarily dismissing her motion to modify a prior shared parenting order. We reverse.
 {¶ 2} Mrs. Ross and the Appellee in this case, John Hill (Mr. Hill), were married on March 28, 1992. During their marriage, they had one child, Shayne, the custody of whom is at issue in this appeal. On March 31, 1997, the parties were divorced. They agreed to a shared parenting order ("SPO") which was approved by the court, under which Mr. Hill was designated as the residential parent and Mrs. Ross was given visitation rights several times per week.
 {¶ 3} Mrs. Ross filed a motion to modify the SPO, but voluntarily withdrew the motion in July of 1999. In November of 2004, Mrs. Ross sought to modify the SPO, or to terminate the SPO and be designated the legal custodian and residential parent of Shayne. During the course of these proceedings, in November 2005, Mrs. Ross filed a motion for an in camera examination of Shayne by the trial judge, pursuant to RC 3109.04(B)(1). The judge initially granted the motion, but did not set a date for that interview.
 {¶ 4} The parties had a three-day merits hearing beginning on January 4, 2006. After Mrs. Ross concluded her case-in-chief, Mr. Hill moved for an involuntary dismissal of Mrs. Ross's motion pursuant to Civ.R. 41(B)(2). At that time, the trial judge granted Mr. Hill's motion, dismissing Mrs. Ross's motion to modify the SPO. The trial court did not conduct an in camera interview of Shayne. Mrs. Ross then voluntarily dismissed her remaining motion to terminate the SPO.
 {¶ 5} Mrs. Ross timely appeals the trial court's judgment dismissing her motion to modify the SPO, and raises the following assignment of error:
 ASSIGNMENT OF ERROR
"The trial court committed error as a matter of law in this child custody modification proceeding when it entered a Civil Rule 42(B)(2) order of involuntary dismissal without having conducted an in camera interview of the parties' minor child requested by [Mrs. Ross] pursuant to RC § 3109.04(B)(1)."
 {¶ 6} Mrs. Ross argues that the trial court erred in failing to conduct an in camera interview of Shayne before granting Mr. Hill's motion to dismiss.
 {¶ 7} Mrs. Ross requested an in camera interview of Shayne in conjunction with her motion to modify the SPO. Her request was pursuant to RC 3901.04(B)(1), which reads, in pertinent part, as follows:
"When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."
 {¶ 8} This statutory provision was applied by this court inRiggle v. Riggle (Sept. 26, 2001), 9th Dist. No. 01CA0012, at *3-4. In that decision, this court was considering a trial court's modification of an SPO in a situation similar to this one. This court ruled that, in order for a court to modify an SPO, it must first find under RC 3901.04(E)(1)(a) that a change of circumstances has occurred that affects the child. Id. at *2. The trial court in this case did find changed circumstances in that the child was nine years older than he was when the SPO was first executed.
 {¶ 9} Once a court has identified a change in circumstances, its next step is to determine the best interests of the child. Id. at *2. According to this court's ruling in Riggle, "The plain language of this statute absolutely mandates the trial court judge to interview a child if either party requests the interview." Id. at *4. In this case, Mrs. Ross requested that Shayne be interviewed, and that request was granted by the court. The court then erred in failing to conduct the interview before dismissing Mrs. Ross's motion. The court is not bound to accept a child's wishes as expressed in the interview, and is given discretion by the statute to determine that the child's wishes are contrary to his best interests. R.C. 3901.04(B)(2)(b). However, the court does not have discretion in deciding to conduct the interview once it is requested by either parent.
 {¶ 10} We hold that the trial court erred in failing to grant an in camera interview upon the request of Mrs. Ross. Mrs. Ross's assignment of error is sustained and the case is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Whitmore, J. Boyle, J. concur.